**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| ANDREW FRITZ individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>FEDERAL WARRANTY SERVICE CORPORATION, and LOWE'S HOME CENTERS, LLC,<br><br>Defendants. | Case No.:<br><br><br>COMPLAINT – CLASS ACTION<br><br>DEMAND FOR JURY TRIAL |

## CLASS ACTION COMPLAINT

Plaintiff Andrew Fritz ("Plaintiff"), by and through his counsel, brings this Class Action Complaint against Federal Warranty Service Corporation and Lowe's Home Centers, LLC ("Lowe's") (together, "Defendants"), on behalf of himself and all others similarly situated, and alleges upon personal knowledge as to his own actions, and upon information and belief as to counsel's investigations and all other matters, as follows:

## NATURE OF THE ACTION

1.      Plaintiff brings this consumer protection class action against Defendants based on Defendants' unfair and deceptive business practices with

respect to the marketing and sale of Lowe's Protection Plans (the "Protection Plans").

2.     The Protection Plans are represented as extended or additional warranty plans for items purchased at Lowe's home improvement stores.  Federal Warranty Service Corporation is the administrator of the Protection Plans.

3.     The Protection Plans are offered to consumers at the point of purchase, whether in-store or on-line.  The in-store customers are given a verbal offer for the purportedly "extended" Protection Plans (*e.g.*, "Would you like to purchase an extended- protection plan for this item?"), and if the customer accepts, a brochure containing terms and conditions of the Protection Plans is typically given to the customer only after the purchase is completed.  Similarly, online purchasers are offered "Extended Protection Plans" and purchasers are not provided pertinent plan information until after the sale is completed.

4.     When selling the Protection Plans, Defendants do not provide access to the Terms and Conditions of the Protection Plans.  These Terms and Conditions severely restrict and contradict the seemingly broad coverage represented by Defendants.

5.     For years, Defendants have been knowingly selling useless or severely diminished Protection Plans to customers.  Defendants routinely sell Protection Plans for products for which the manufacturer's warranty is equal to or longer in duration than the Protection Plan. Defendants refuse to provide any services or benefits under the Protection Plan during any overlap with the manufacturer's warranty.  Lowe's description of the Protection Plans as "extended", both online and in-store, only serves to reinforce the consumers' expectation that the Protection Plan extends the life of the manufacturer's warranty, not that they run concurrently.

Additionally, Defendants often sell plans that overstate the coverage grossly.  For example, Defendants may sell a "3-year" Protection Plan on a product that has a 2-year manufacturer's warranty.  Under those circumstances, the Protection Plans give at best one year of coverage.

6.     Defendants do not inform customers that the Protection Plans are not effective if the underlying product is still under the manufacturer's warranty. The customers' sole recourse is via the manufacturer's warranty.  If the manufacturer's warranty is equal to or longer in duration than the Protection Plan, the Protection Plan never takes effect. If a customer attempts to use the Protection Plan, Defendants point them instead to the manufacturer's warranty. However, if a customer never files a claim, Defendants keep the amount paid for the Protection Plan and never inform the customer that the policy was void *ab initio*.

7.     Defendants' representation of broad coverage, and omissions as to the true, limited nature of the Protection Plans, are false and deceptive. This action seeks to remedy Defendants' deceptive and fraudulent practices.

8.     All of Defendants' actions described in this Complaint are part of, and in furtherance of, the unlawful conduct alleged herein, and were authorized and/or done by Defendants' various officers, agents, employees, or other representatives while actively engaged in the management of Defendants' affairs within the course and scope of their duties and employment, and/or with the actual, apparent, and/or ostensible authority of Defendants.

9.     Through this action, Plaintiff seeks injunctive relief on behalf of the public, and actual damages, restitution, and/or disgorgement of profits, statutory damages, attorneys' fees, costs, and all other relief available to the Class as a result of Defendants' unlawful conduct.

## JURISDICTION AND VENUE

10.    This Court has subject matter jurisdiction over this action under the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2). The amount in controversy exceeds $5 million exclusive of interest and costs. Plaintiff and Defendants are citizens of different states. There are more than 100 putative class members.

11.    This Court has personal jurisdiction over Federal Warranty Service Corporation because Federal Warranty Service Corporation maintains its principal place of business in this District.

12.    This Court has personal jurisdiction over Lowe's because Lowe's regularly conducts business in Georgia, including this District, and has sufficient minimum contacts in Georgia. Lowe's intentionally availed itself of this jurisdiction by maintaining store locations in this District.

13.    Upon information and belief, venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2) because Federal Warranty Service Corporation is a resident of this District, created the Protection Plans, and determines whether to grant or deny claims. Because the Protection Plans are administered, developed and/or marketed and sold by Federal Warranty Services Corporation and the terms of the warranties and the denials are ultimately made by Federal Warranty Service Corporation, a substantial part of the events or omissions giving rise to the putative classes claims occurred in this district. Additionally, Lowe's Home Centers, LLC maintains retail stores and sells the Protection Plans in this District.

## PARTIES

14.    Plaintiff Andrew Fritz is a Washington citizen, residing in Renton, Washington.

15.     Defendant Federal Warranty Service Corporation is incorporated in Illinois, with its principal place of business in Atlanta, Georgia.

16.     Defendant Lowe's Home Centers, LLC is a North Carolina LLC with its principal place of business in Mooresville, North Carolina.

17.     Defendants, directly and/or through their agents, developed, market, sell, and administer the Protection Plans in Georgia.

18.     Defendants have maintained substantial sales in this District.

## STATEMENT OF FACTS

19.     Lowe's is a nation-wide retailer of home-related products, including large and small appliances, barbecue grills, lawn mowers, power tools, and similar products.   When purchasing these products both online and in-store, Lowe's customers are offered the option of purchasing an "extended" Protection Plan. As described below, the Protection Plans are presented in such a way that they lead consumers to believe that they bring additional benefits beyond the manufacturer's warranty and offer full coverage of the product for a term of years.

20.     Plaintiff purchased a barbecue grill from Lowe's on or about January 5, 2019 for $399.00.  At checkout, he was asked if he would like to purchase a four-year "extended warranty" Protection Plan for the barbeque grill.  Plaintiff was informed that the Protection Plan included on-site repairs and was told that it "covers everything" and that he would be "completely protected." After inquiring as to the price, Mr. Fritz decided to purchase the Protection Plan.  The clerk rang up the purchase, including the $79.99 Protection Plan, and placed a brochure regarding the Protection Plan in Mr. Fritz' shopping bag with his other items. Therefore, Plaintiff was not shown the Terms and Conditions of his Protection Plan prior to purchase. In November of 2019, Mr. Fritz began to have problems with his barbeque grill.  He

contacted Lowe's and requested on-site pick-up, as purportedly covered under his Protection Plan.  Lowe's informed him that they would not honor the Protection Plan, as the product was under a 5-year parts warranty from the manufacturer, and that they would not perform an on-site pick-up of the grill.  After the refusal, Mr. Fritz reviewed all the paperwork he had from Lowe's and discovered that previously he had been sold a 5-year warranty on a dishwasher in November of 2015 for $109.97 before tax when the dishwasher has a 10-year manufacturer's warranty. Though he has not had to make any claims concerning the dishwasher, the Protection Plan has no effect due to the superior manufacturer's warranty and offered no value to Mr. Fritz.

21.     Plaintiff therefore suffered injury in fact and lost money as a result of Defendants' misleading, unfair, and fraudulent practices, as described herein.

22.     Consumers who purchased the Protection Plans online are met with similar misrepresentations and omissions, informing consumers that the Protection Plan "Has You Covered" and will apply "long after your manufacturer's warranty ends." The Protection Plans are further represented as "Extended Protection Plans," representing to consumers that they will begin after any manufacturer's warranty. However, they do not extend the manufacturer's warranty and instead either run concurrently or are completley subsummed by the manufacturers warranty.

23.     Plaintiff would not have purchased the Protection Plans had he known that Defendants would not provide any services if the manufacturer's warranty was in effect. Despite being deceived by Defendants, Plaintiff is still interested in purchasing Protection Plans for his future purchases, as long as the Protection Plans would be honored by Defendants, regardless of any overlap with the product's manufacturers warranty. Because Defendants have not provided any warranty

services with respect to their Protection Plans while the manufacturer's warranty was active, despite representations to customers, Plaintiff and class members currently suffer, and will continue to suffer, an ongoing injury stemming from their purchase of the Protection Plans, for which they received little to no value. Furthermore, Plaintiff is injured as he would not have purchased or received the Protection Plan but for Defendants' misrepresentations and omissions. Therefore, Plaintiff seeks an injunction requiring Defendants to either (a) stop selling Protection Plans that do not provide any value to consumers during the period of the manufacturer's warranty, which may exceed the period of the Protection Plan itself; or (b) fully disclose the limitations of the Protection Plans with respect to the manufacturers' warranties prior to completing a sale for a Protection Plan.

24.     Plaintiff and other consumers are not shown the Terms and Conditions of their Protection Plan prior to purchase.  Written information regarding the Protection Plan is given to them only after they complete the purchase of the Protection Plan.

25.     Accordingly, Plaintiff and other similarly situated consumers did not know, and had no reason to know, that Defendants would not provide any services under the Protection Plan if the product was under a manufacturer's warranty.

26.     Instead, consumers reasonably relied on Defendants' marketing of the Protection Plans, including the representation that the Protection Plans are "extended," meaning they extend the manufacturer's warranty, and reasonably believed that Protection Plans would provide services in addition to the manufacturer's warranty. On this basis, Plaintiff and other consumers purchased the Protection Plans. Had Defendants not omitted this material information, Plaintiff would not have purchased the Protection Plan. Had Plaintiff purchased a

Protection Plan that provided coverage for longer than the manufacturer's warranty, he would have paid less for it or would not have purchased it at all.

27.    A consumer would not expect a Protection Plan so sold to provide no benefits or services in addition to the manufacturer's warranty.

28.    Defendants knew or should have known that Plaintiff and other members of the Class, in purchasing the Protection Plans, would either rely on these representations or on the reasonable belief that the Protection Plans' provided services were in addition to the manufacturers' warranties.

29.    As a result of Defendants' actions, Plaintiff and members of the Class have been harmed. Therefore, Defendants should be required to pay for all damages caused to consumers, including Plaintiff.

## CLASS ALLEGATIONS

30.    Plaintiff brings this case as a class action that may be properly maintained under Federal Rule of Civil Procedure 23 on behalf of himself and all persons in the United States, who purchased any of the Protection Plans for any product that has a manufacturer's warranty running concurrently with the Protection Plan within the relevant statute of limitation ("Nationwide Class").

31.    Plaintiff also seeks to represent all persons who within the relevant statute of limitations periods were Washington residents who purchased any of the Protection Plans or purchased any of the Protection Plans within the state of Washington ("Washington Subclass").

32.    Excluded from the Class are Defendants and any of their parents or subsidiaries, any entities in which they have a controlling interest, as well as its officers, directors, affiliates, legal representatives, heirs, predecessors, successors,

and assigns. Also excluded are any Judge to whom this case is assigned as well as his or her judicial staff and immediate family members.

33.    Plaintiff hereby reserves the right to amend or modify the class definitions with greater specificity or division after having had an opportunity to conduct discovery.

34.    The proposed Class meet the criteria for certification under Federal Rule of Civil Procedure 23(a), (b)(2), and (b)(3):

35.    Collectively, the classes are referred to as the "Classes".

36.    **Numerosity.** Upon information and belief, Defendants have sold at least hundreds of thousands of the Protection Plans if not more during the putative class period. The Protection Plans are sold in Lowe's stores and/or online. Accordingly, members of the Class are so numerous that their individual joinder herein is impractical. While the precise number of class members and their identities are unknown to Plaintiff at this time, the number may be determined through discovery.

37.    **Commonality.** Common questions of law and fact exist and predominate over any questions affecting only individual Class members. The common questions include, but are not limited to, whether the marketing and sale of the Protection Plans were an unfair and deceptive trade practice, and therefore violated various consumer protection statutes and common laws.

38.    **Typicality.** Plaintiff's claims are typical of the claims of the Class. Plaintiff and the Class members were all injured through Defendants' deceptive practices with respect the Protection Plans.  Plaintiff and the Class members all relied on the expectation that the Protection Plans would provide protection in addition to the manufacturer's warranty.

9

39.      **Adequacy.** Plaintiff is an adequate representative of the proposed Class because his interests do not conflict with the interests of the Class members he seeks to represent. Plaintiff's counsel is experienced in litigating consumer class actions and complex commercial disputes and includes lawyers who have successfully prosecuted similar consumer protection class actions based on misleading sales practices.

40.      **Superiority.** A class action is superior to all other available methods of fairly and efficiently adjudicating this dispute. The injury sustained by each Class member, while meaningful on an individual basis, is not of such magnitude that it is economically feasible to prosecute individual actions against Defendants. Even if it were economically feasible, requiring tens of thousands of injured plaintiffs to file individual suits would impose a crushing burden on the court system and would almost certainly lead to inconsistent judgments. By contrast, class treatment will present far fewer management difficulties and provide the benefits of a single adjudication, economies of scale, and comprehensive supervision by a single court.

41.      This lawsuit is maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3) because the questions of law and fact common to the members of the Class predominate over any questions that affect only individual members, and because the class action mechanism is superior to other available methods for the fair and efficient adjudication of the controversy.

42.      **Injunctive and Declaratory Relief.** Class certification is also appropriate under Fed. R. Civ. P. 23(b)(2) and (c). Defendants have acted or have refused to act on grounds generally applicable to the Class, so that final injunctive relief or corresponding declaratory relief is appropriate as to the Class as a whole.

## COUNT I

## Breach of Implied Contract
### (*for the Classes*)

43.     Plaintiff realleges and incorporates by reference Paragraphs 1-42 above as if they were fully set forth herein.

44.     Defendants solicited and invited Plaintiff and Class members to purchase their Protection Plans. Plaintiff and Class members accepted Defendants' offers and purchased the Protection Plans.

45.     Plaintiff and Class members paid for purchases of the Protection Plans. In doing so, Plaintiff and Class members entered into implied contracts with Defendants, pursuant to which Defendants impliedly agreed to provide services in addition to the manufacturers' warranties. However, because Defendants do not provide any services under the Protection Plans if a manufacturer's warranty is in effect, Defendants breached this implied contract.

46.     Plaintiff and Class members would not have purchased the Protection Plans in the absence of the implied contract between them and Defendants or would have paid less for them had they known the truth of Defendants' misrepresentations and omissions regarding the Protection Plans and Defendants' refusal to honor the plan if it ran concurrently with any manufacturer's warranty.

47.     Plaintiff and Class members fully performed their obligations under the implied contracts with Defendants.

48.     Defendants were obligated to perform their obligations under the implied contracts they had with Plaintiff.

49.     Defendants breached the implied contracts they made with Plaintiff and Class members by failing to provide any servicers under the Protection Plans if the manufacturer's warranty was in effect.

50.     As a direct and proximate result of Defendants' breaches of the implied contracts between Defendants and Plaintiff and Class members, Plaintiff and Class members sustained actual losses and damages as described in detail above.

## COUNT II
## Breach of Implied Warranty of Merchantability
### (*for the Classes*)

51.     Plaintiff realleges and incorporates by reference Paragraphs 1-42 above as if they were fully set forth herein.

52.     A warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind.

53.     To be merchantable, goods must at least be fit for the ordinary purpose for which such goods are used. The goods must also conform to the promises or affirmations of fact made on the label.

54.     Defendants are merchants with respect to selling product warranties, including the Protection Plans. Therefore, an implied warranty of merchantability was included with each of the Protection Plans sold.

55.     By selling the Protection Plans to consumers, Defendants impliedly warranted that the Protection Plans would be fit for their ordinary purpose— providing additional coverage over and above the manufacturer's warranty. Ordinary protection plans do not limit coverage to what a customer is already entitled to receive; ordinary protection plans provide additional benefits on top of the manufacturer's warranties.

56.     However, as administered, the Protection Plans do not offer any benefits in addition to the manufacturer's warranties.

57.     Therefore, the Protection Plans provided by Defendants are not merchantable and Defendants have breached their implied warranty of merchantability in regard to the Protection Plans.

58.     If Plaintiff and other members of the Class had known that the Protection Plans did not provide benefits in addition to the manufacturers' warranties, they would not have purchased them and/or would not have been willing to pay as much for them. Therefore, as a direct and/or indirect result of Defendants' breach, Plaintiff and members of the Class have suffered an injury and are entitled to recover all damages available under the law.

**COUNT III**
**Violation of Magnuson-Moss Act, 15 U.S.C. § 2301,** *et seq.*
**Express Warranty of Merchantability Under Georgia Law**
(*on behalf of the Nationwide Class*)

59.     Plaintiff realleges and incorporates by reference Paragraphs 1-42 above as if they were fully set forth herein.

60.     Plaintiff brings this claim individually and on behalf of the Nationwide Class.

61.     The Protection Plans are service contracts as defined in 15 U.S.C. § 2301(8), which relate to the maintenance or repair of consumer products as defined in 15 U.S.C. § 2301(1).

62.     Plaintiff and other Class members are consumers as defined in 15 U.S.C. § 2301(3).

63.     Plaintiff spent in excess of the sum of $25.00 purchasing the Protection Plans.

64.    Defendants are suppliers and warrantors as defined in 15 U.S.C. § 2301(4) and (5).

65.    In connection with the sale of the Protection Plans, Defendants issued "service contracts" as defined in 15 U.S.C. § 2301(8), which provided that Defendants would perform services relating to the maintenance or repair, or both, of consumer products sold by Defendant Lowe's Home Centers, LLC.

66.    By reason of Defendants' breach of its service contract, where Defendants have refused to honor their promise to perform maintenance and repair services for consumer products, (as alleged *supra* in Counts I-II), Defendants have violated the statutory rights due to Plaintiff and class members pursuant to the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 *et seq*., thereby damaging Plaintiff and Class members.

67.    Prior to filing this action, Plaintiff, by and through his counsel, provided Defendants with written notice of his claims pursuant to 15 U.S.C. § 2310(e) and also notified Defendants that he was acting on behalf of a Class defined as all persons in the United States who purchased the Protection Plans during the relevant Class period.

## COUNT IV
### Violation of Georgia Fair Business Practices Act
### O.C.G.A. § 10-1-390, *et seq.*
### (*on behalf of Plaintiff and the Nationwide Class*)

68.    Plaintiff realleges and incorporates by reference Paragraphs 1-42 above as if they were fully set forth herein.

69.    Plaintiff and members of the Class are consumers who purchased

Protection Plans from Defendants.  Therefore, Plaintiff and Class members have engaged in "consumer transactions" with Defendants pursuant to O.C.G.A. § 10-1-392(10).

70.    Defendants are engaged in, and their acts and omissions affect, trade and commerce pursuant to O.C.G.A. § 10-1-392(28).

71.    As alleged in this Complaint, Defendants engaged in unfair or deceptive acts or practices in the conduct of consumer transactions, including the following, in violation of the GFBPA:

a. Selling Protection Plans that run concurrently with manufacturers' warranties when no additional benefits are provided during the manufacturer's warranty period; and

b. Failing to disclose to consumers that the Protection Plans are so limited.

72.    More specifically, Defendants violated the following provisions of the GFBPA by:

a. Engaging in unfair and deceptive acts and practices in connection with the sale of the Protection Plans (O.C.G.A. § 10-1-393(a));

b. Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have (O.C.G.A. § 10-1-393(b)(5));

c. Representing that goods or services are of a particular standard, quality, or grade or that goods are of a particular style or model, if they are of another (O.C.G.A. § 10-1-393(b)(7)); and

d. Advertising goods or services with intent not to sell them as advertised (O.C.G.A. § 10-1-393(b)(9)).

73.   By representing that, under the Protection Plans, the manufacturer's warranty on the purchased goods would be "extended," and that Defendants will repair or replace the covered consumer goods during a certain time span, but refusing to honor this representation, Defendants have engaged in unfair and deceptive practices where they represent services with certain characteristics and qualities, but fail to abide by the terms.

74.   By omitting at the point of sale that Defendants will refuse to honor their representations to repair or replace the covered consumer goods under the Protection Plans, Defendants have failed to disclose material information regarding their Protection Plans' central purpose, their coverage of purchased goods.

75.   As a direct and proximate result of Defendants' violation of GFBPA, Plaintiff and the Class members suffered damages including but not limited to the price paid for their Protection Plans.

76.   Also, as a direct result of Defendants' knowing violation of the GFBPA, Plaintiff and Class members are entitled to damages as well as injunctive relief.

77.   Plaintiff brings this action on behalf of himself and Class members for the relief requested above and for the public benefit in order to promote the public interests in the provision of truthful, fair information to allow consumers to make informed purchasing decisions and to protect Plaintiff and Class members and the public from Defendants' unfair methods of competition and unfair, deceptive, fraudulent, unconscionable and unlawful practices.  Defendants' wrongful conduct as alleged in this Complaint has had widespread impact on the public at large.

78.   Pursuant to O.C.G.A. § 10-1-399(b), at least 30 days prior to bringing this claim, Plaintiff has provided Defendants with a written demand for relief describing the unfair or deceptive act or practice relied upon and the injury suffered

by him. More than 30 days have elapsed since the service of that written demand.

79.    Plaintiff and Class members are entitled to a judgment against Defendants for actual and consequential damages, exemplary damages and attorneys' fees pursuant to the GFBPA, costs, and such other further relief as the Court deems just and proper.

## COUNT V
### Violation of Washington's Consumer Protection Act ("CPA"),
### Wash. Rev. Code Ann. §§ 19.86.010, *et seq.*
### (*for the Washington Subclass*)

80.    Plaintiff realleges and incorporates by reference Paragraphs 1-42 above as if they were fully set forth herein.

81.    Plaintiff brings this claim individually and on behalf of the members of the proposed Washington Subclass against Defendants.

82.    Wash. Rev. Code Ann. § 19.86.020 provides that "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful."

83.    Wash. Rev. Code Ann. § 19.86.010 defines "trade" as "includ[ing] the sale of assets . . . directly or indirectly affecting the people of the state of Washington."

84.    Defendants committed the acts alleged herein in the course of "trade" within the meaning of Wash. Rev. Code Ann. § 19.86.010 as the fraudulent Protection Plans directly affect consumers in the state of Washington.

85.    The Protection Plans complained of herein are unfair because they had the tendency or capacity to deceive consumers into believing that the Protection Plans would provide benefits in addition to the manufacturer's warranty, such as the

description of the Protection Plans as "extended," meaning the Protection Plan extends the life of the manufacturer's warranty, not that they run concurrently.

86.     Further, by omitting at the point of sale that Defendants will refuse to honor their representations to repair or replace the covered consumer goods under the Protection Plans, Defendants have failed to disclose material facts regarding their Protection Plans' central purpose, their coverage of purchased goods.

87.     Therefore, because Defendants do not provide any services or benefits under the Protection Plans while the product is covered by the manufacturer's warranty, Plaintiff and members of the Washington Subclass were deceived.

88.     The deceptive marketing and sale of the Protection Plans alleged herein impacted the public interest because they occurred in the course of Defendants' business on a repeated basis throughout the state of Washington and the United States.

89.     Plaintiff and the Washington Subclass have suffered injury in fact, including the loss of monies paid, as a result of Defendants' deceptive practices. Plaintiff and the Washington Subclass were directly and proximately injured by Defendants' conduct and lost money due to Defendants' deceptive and unfair labeling, marketing and practices because they would not have purchased the Protection Plans had they known that the Protection Plans would not provide them with any benefits in addition to the manufacturers' warranties.

90.     The wrongful conduct alleged herein fully occurred in and stemmed from Defendants' business practices.

91.     Defendants are liable to Plaintiff and the Washington Subclass for damages in amounts to be proven at trial, including attorney's fees, costs, to enjoin Defendants from violating the CPA or violating it in the same fashion in the future

as discussed herein, and any other relief the Court deems appropriate under Wash. Rev. Code Ann. § 19.86.090.

## COUNT VI
### Unjust Enrichment
### (*for the Classes*)

92.     Plaintiff realleges and incorporates by reference Paragraphs 1-42 above as if they were fully set forth herein.

93.     Plaintiff and members of the Classes conferred a monetary benefit on Defendants.  Specifically, they purchased Protection Plans from Defendants.  In exchange, Plaintiff and members of the Classes should have received from Defendants the services that were the subject of the transaction and should have been entitled to benefits under the Protection Plans in addition to the benefits provided by the manufacturers' warranties.

94.     In doing so, Defendants have unjustly benefited by receiving higher prices for their Protection Plans than would have been possible absent the wrongful conduct, or if Defendants had informed consumers prior to purchase that the Protection Plans would be so limited.

95.     Defendants knew that Plaintiff and members of the Classes conferred a benefit on Defendants and have voluntarily accepted or retained that benefit.

96.     Plaintiff and members of the Classes have no adequate remedy at law.

97.     Under the circumstances, it would be unjust for Defendants to be permitted to retain any of the benefits that Plaintiff and members of the Classes conferred on it with respect to the purchases of the Protection Plans.

98.     Defendants should be compelled to disgorge into a common fund or constructive trust, for the benefit of Plaintiff and members of the Classes, proceeds

that they unjustly received. In the alternative, Defendants should be compelled to refund the amounts that Plaintiff and Class members overpaid.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, seeks judgment against Defendants as follows:

a)      For an order certifying the Classes under Rule 23 of the Federal Rules of Civil Procedure; naming Plaintiff as representative of the Classes; and naming Plaintiff's attorneys as Class Counsel to represent the Class.

b)      For an order declaring that Defendants' conduct violates the statutes and laws referenced herein;

c)      For an order finding in favor of Plaintiff, and the Classes, on all counts asserted herein;

d)      For an order awarding all damages in amounts to be determined by the Court and/or jury;

e)      For prejudgment interest on all amounts awarded;

f)      For interest on the amount of any and all economic losses, at the prevailing legal rate;

g)      For an order of restitution and all other forms of equitable monetary relief;

h)      For injunctive relief as pleaded or as the Court may deem proper;

i)      For an order awarding Plaintiff and the Classes their reasonable attorneys' fees, expenses and costs of suit, including as provided by statute such as under Fed. R. Civ. P. Rule 23(h), Georgia's O.C.G.A § 10-1-392, and Wash. Rev. Code Ann. § 19.86.090; and

j)      For any other such relief as the Court deems just and proper.

## JURY TRIAL DEMANDED

Plaintiff demands a trial by jury on all issues so triable.

Dated: May 22, 2020

Respectfully Submitted,

By: */s/ Robert W. Killorin*
    Robert W. Killorin
    (Ga. Bar No. 417775)
    **FARUQI & FARUQI, LLP**
    3975 Roswell Rd Suite A,
    Atlanta, Georgia 30342
    Telephone: 404-847-0617
    Fax: 404-506-9534
    Email: rkillorin@faruqilaw.com

    Timothy J. Peter
    **FARUQI & FARUQI, LLP**
    (*Pro Hac Vice* forthcoming)
    1617 JFK Boulevard, Suite 1550
    Philadelphia, PA 19103
    Telephone: (215) 277-5770
    Fax: (215) 277-5771
    E-mail: tpeter@faruqilaw.com

    Bonner C. Walsh
    (*Pro Hac Vice* forthcoming)
    **WALSH PLLC**
    1561 Long Haul Road
    Grangeville, ID 83530
    Telephone: (541) 359-2827
    Facsimile: (866) 503-8206
    Email: bonner@walshpllc.com